## Fox vs. Beebe.

Fence viewers are the sole judges in questions respecting the sufficiency of fences, and are to decide, by direct examination, without any formal hearing, or trial, whether an existing fence is or is not such as the statute requires.

Where fence-viewers find a divisional fence to be insufficient, their notice to the persons bound to repair it need not specify the particulars in which it is defective.

Where a divisional fence is found by the fence-viewers to be insufficient, and the person bound to repair it neglects to do this, for fifteen days after notice in writing from the fence-viewers, the party aggrieved may repair it in any reasonable manner, and the expense may be allowed him by the fence-viewers.

Where, in an action brought upon the statute, entitled "An act concerning fences and common fields," to recover double the expense of repairing the defendant's part of a divisional fence, the plaintiff offered in evidence a written notice, given by the fence-viewers to the defendant, informing him of the insufficiency of the fence, to the admission of which notice the defendant objected, on the ground that it did not specify wherein the fence was insufficient; it was held, that such notice was admissible.

Where, in such action, it appeared that the defendant's part of the fence was, and for more than fifteen years had been, a ditch which he had dug, and that the plaintiff had performed no work upon such ditch, but had erected a fence of posts and boards on, or near, the edge of the ditch, in the dividing line between the lands of the parties, and the fence-viewers certified that the

sum of $23.87 was the value of the repairs made by the plaintiff upon the defendant's fence ; it was held, that the plaintiff was not required, by law, to make the necessary repairs of such fence, by enlarging the ditch, but might make them in any reasonable manner, and therefore, that he was entitled to recover.

THIS was an action, brought upon the statute, entitled "An act concerning fences and common fields," to recover double the expense of repairing the defendant's part of the divisional fence, between their adjoining lands, incurred by the plaintiff in pursuance of the provisions of the statute.

The material parts of the statute, upon which the action is founded, are the following.

Sec. 1. " That the proprietors of lands shall make and maintain sufficient fence or fences, to secure their particular fields and enclosures ; and a rail fence, four feet and an half high, a stone wall, four feet high, well and substantially erected, and any other fence, either of rails, boards, hedge, ditch, brooks, rivers or creeks, which, in the judgment of fence-viewers, shall be equal to a rail fence four and a half feet high, shall be deemed a sufficient and lawful fence." * *

*        *        *        *        *        *        *

Sec. 5. " If any person who ought to maintain any divisional fence, shall refuse or neglect to keep it in sufficient repair, the party aggrieved shall have power to call on the fence-viewers to view the same, and if they find such fence to be insufficient, they shall, without delay, give notice in writing, of such insufficiency, to the person or persons, who are bound to repair it ; and if he or they do not, within fifteen days, put the same in sufficient repair, then the party aggrieved may do it ; and when the same shall be completed, and judged sufficient by said fence-viewers, they shall estimate the value of such repairs, and make a certificate thereof, under their hands, with an account of their fees ; and the party aggrieved shall have right to recover of the party, who ought to have made such repairs, double the value of said repairs, together with the fees of the fence-viewers ; and on his neglect, or refusal, to make payment thereof, for thirty

days after it shall be demanded, the aggrieved party may sue for and recover the same, by an action on the case."

The cause was tried, before the jury, at the August term, 1855, of the superior court for New London county.

On the trial, it was proved and admitted, that the defendant's part of the fence was, and for more than fifteen years had been, a ditch, dug by him, on the plaintiff's side of the line, and that no notice had been given to the defendant to be present, when the fence-viewers were called out to decide upon the sufficiency of the fence.

The plaintiff offered in evidence the written notice, given by the fence-viewers to the defendant, informing him of the insufficiency of his fence. To its admission, the defendant objected, on the ground that it did not state wherein it was insufficient; but the court overruled the objection, and admitted the evidence.

The defendant offered witnesses, other than the fence-viewers, to testify that the ditch, when examined by the fence-viewers, was equal to a rail-fence, four and a half feet high. To their admission the plaintiff objected, and the court excluded them.

Ebenezer L. Lathrop, one of the fence-viewers, testified that the fence, in their judgment, was not a lawful fence, being, in many places, only three and a half feet wide, shallow, and in some places, almost filled up, and the earth taken out in excavating, carried away; and, on his cross-examination, he further testified, that, in the opinion of the fence-viewers, to render the ditch such a fence as the statute required, it would have been necessary to make it, at least four feet wide, and four feet deep, or of equivalent dimensions, with the bank left on the defendant's land, and that a ditch of smaller dimensions would not be such as the law required.

It was proved, and admitted, that the plaintiff had neither deepened, nor widened the ditch, nor done any work upon it as a ditch, but had erected a fence of posts and boards, from

three feet to three and a half feet high, on, or near, the edge of the ditch, in the dividing line between the parties, and that the sum of $23.87, certified by the fence-viewers to be the value of the repairs, made by the plaintiff upon the defendant's fence, was for the post and board fence.

Upon this evidence the defendant claimed, and requested the court to charge the jury, that the statute did not require that a ditch, to be a sufficient fence, should be of the dimensions stated by the witness, Lathrop, and that if they found that the fence-viewers, in coming to the conclusion that the fence was not sufficient, acted under a mistaken view of the law, their decision was not binding, and the plaintiff could not recover; that the ditch having been made and maintained by the defendant as a division fence, the plaintiff could lawfully repair it, only by widening and deepening it, or otherwise operating upon it, as a ditch, and had no right to substitute for it, or add to it, any other kind of fence, and that the post and board fence was no repair of the fence, within the meaning of the statute.

The court charged the jury, that, by the statute, the power to decide whether the fence was sufficient or not, and upon the sufficiency of the repairs made by the plaintiff, and the value of such repairs, was vested exclusively in the fence-viewers, and their determination promulgated in the manner prescribed in the statute, in the absence of fraud and mistake, was conclusive upon the parties; that they had no right to prescribe to the parties what particular kind of fence, or repairs, should be made, but only to estimate their value, as fence, when made, and that the post and board fence, erected by the plaintiff, when made, approved, and found sufficient, by the fence-viewers, was such a repair of the defendant's fence, within the meaning of the statute, as would entitle the plaintiff to recover the compensation provided by the statute.

The jury having returned their verdict in favor of the

plaintiff, the defendant moved for a new trial, and the questions of law were reserved for the advice of this court.

*E. Perkins* and *Starkweather,* in support of the motion.

1. The notice given by the fence-viewers, of the insufficiency of the defendant's fence, should have specified wherein that insufficiency consisted. On this question the defendant had a right to be heard, and without an opportunity for a hearing, no conclusive judgment could be rendered against him.

2. Fence-viewers can not order a party to erect a fence, different from that which already exists; and the party, who substitutes a new and different kind of fence, can not call on the adjoining proprietor to pay for it. Such new fence would be no repair of a fence, or of a ditch. The defendant, in the present case, as the owner of the soil, who was obliged to maintain the fence at the place in question, had a right to select his own fence. The question between the parties, was not as to the construction of a new fence, but the repair of the fence already in existence. If a new fence is required, the proceedings must be founded upon the seventh section of the statute concerning fences, and not, as in the present case, upon the first and fifth sections.

*Wait* and *Hovey,* against the motion.

I. The defendant acquired no right, by maintaining the ditch in question as a fence, for a period of more than fifteen years, which he would not have had, if he had, maintained a fence of any other description for the same period. 7 U. S. Dig., 274, tit. Fences, § 4. *Dysart* v. *Leeds,* 2 Barr, 488.

II. Notice to the defendant, of the calling out of the fence-viewers, and to be present at their meeting and be heard in relation to the sufficiency of his fence, was not necessary. Rev. Stat., 529. *Sharp* v. *Curtiss,* 15 Conn. R., 526.

III. The fence-viewers are, by the statute, constituted the sole judges of the sufficiency of a divisional fence, and there-

fore the court would not have been justified in instructing the jury, as matter of law, that the statute did not require the defendant's ditch to be four feet wide and four feet deep, with the bank left upon his land, to render it a sufficient fence. Nor was there any testimony which rendered it necessary, or proper, for the court to charge the jury in that part of the case, as requested by the defendant.

IV. The plaintiff was not bound to repair the defendant's fence by widening or deepening the ditch; but he had a right to repair it in any other reasonable manner. And the defendant ought not, after having refused to repair the fence himself, to question that right, especially as the fence-viewers have adjudged the repairs made by the plaintiff to be sufficient.

V. The judgment of the fence-viewers, as to the sufficiency of the defendant's fence, being final and conclusive, could not be set aside, or in any manner affected, by the contrary opinion of other persons. Consequently the testimony offered by the defendant, that the ditch in question was equal to a rail fence, four feet and a half high, was properly excluded. *Baker* v. *Lakeman,* 12 Met., 195.

VI. The notice given by the fence-viewers to the defendant, of the insufficiency of his fence, was in strict accordance with the provisions of the statute.

WAITE, C. J. The statute undoubtedly contemplated a summary proceeding, in determining questions respecting the sufficiency of fences, and the mode of compelling the necessary repairs.

It prescribes what, in certain cases, shall be sufficient fences. A rail fence, four and a half feet high, a stone-wall, four feet high, well and substantially erected, or any other fence, which, in the judgment of the fence-viewers, shall be equal to such rail fence, shall be deemed a lawful fence.

When the fence-viewers are called upon to examine a fence, if it be a rail-fence, or a stone-wall, they have but to

measure the height, and see whether it is well and substantially erected.   If made of any other material, they are only to see whether it be equal to a lawful rail-fence.

There is to be no formal hearing or trial before them, as before auditors, or committees in chancery.   In the language of the statute, they are to view the fence and determine whether, in their judgment, the fence is such as the law requires.   In this respect, their duties are much like those of inspectors of provisions, and lumber, who are to decide upon the qualities, and quantity, of the articles to be inspected, not by the testimony of witnesses, but by a direct examination.

Nor was it necessary for the fence-viewers, in their notice to the defendant, that the fence was insufficient, to specify the particulars, wherein it was defective.   They were not to prescribe the manner in which the repairs were to be made. The plaintiff had a right to make them as he pleased, either by enlarging the ditch, or erecting a new fence of rails, stones, or any other materials.

Ordinarily, the defects could readily be seen upon inspection, or admeasurement, and were there any doubts upon the subject, the defendant might have enquired of the fence-viewers.   Their judgment, in this respect, does not stand upon the same ground as that of a judicial tribunal, which would not be binding upon a party, who had no opportunity of being heard, but as before observed, is more like that of an inspector.   The court, therefore, did not err in admitting, in evidence, the written notice of the insufficiency of the fence.

The defendant claimed that the statute did not require a ditch to be four feet wide, and four feet deep, to render it a lawful fence.   This, as a general position, is undoubtedly true.   Such a fence, in some cases, might be more than the law requires, and in others, less.

Had the evidence in the case called for such a charge, we should have said it ought to be given.   But the only

evidence, upon that subject, was given by one of the fence-viewers, and he spoke only in reference to the fence in question, and stated what, in the judgment of the fence-viewers, would be necessary to render a ditch there, a legal fence. Upon that subject, the statute made them the sole judges.

The only remaining enquiry relates to the manner in which the repairs were made by the plaintiff. As before remarked, the defendant had a right to repair the fence in any manner he pleased, provided he made it a lawful one, and upon his neglect, or refusal, the plaintiff might repair it in any reasonable manner, and so far forth as the work, done by him, was necessary to make the fence a lawful one, it was competent for the fence-viewers to allow the expense.

He had no right to expend money extravagantly, in the erection of an expensive and unnecessary fence, and if he did so, it would have been the duty of the fence-viewers to allow him nothing more than the expense of doing what was reasonable and necessary, in making the repairs.

But in this case, it is not claimed that the repairs were made in an unreasonable manner, provided they could have been made otherwise than by enlarging the ditch, and we do not think there is any law necessarily requiring them to be made in that manner.

We do not advise a new trial.

In this opinion, the other judges, STORRS and HINMAN, concurred.

A new trial not to be granted.