Sanford, J.
This is an action brought to recover the double value of repairs made by the plaintiffs upon the fence of . the defendant, under the fifth section of the statute concerning fences and common fields. .The question-, reserved for our cónsideration is, whether the proceedings in relation to the sufficiency and value of the repairs made were illegal and void,, because the fence viewers gave to the defendant no notice of their meeting for the examination and valuation of such repairs, and he was not present thereat.
[ *604 ] *It was admitted on the trial that notice of the insufficiency of the defendant’s, fence was duly given, and that no repairs were made .by the defendant within the time prescribed by law. We think the law required no further *493 notice from the fence viewers. In the case of Fox v. Beebe, 24 Conn., 271, it was held that fence viewers are not judicial officers, that their functions are more analogous to those of appraisers and inspectors, and other boards of that character, than of judges or of courts, and that no notice whatever need be given of their first examination of the defective fence until after it has been made. We think the doctrine of the court in that case should be adopted in the case now before us. The character of the office is indicated by its name, and its duties are, in the section under which these proceedings were had, so distinctly specified as to leave no room to doubt but that fence viewers are expected to proceed in a summary manner, upon, their own view, and not upon the testimony of others. They are to be, in the first place, “ called on ” by the aggrieved party, “to view” the defective fence, and if, upon such view, they find it insufficient, they are to give notice in writing of such insufficiency to the party whose duty it is to keep the fence in repair, and when the repairs have been made by the complainant, they are to be “judged” by the fence viewers complete, and the fence viewers are to “ estimate the value of,” or appraise, such repairs, not to ascertain their cost by evidence or by calculation. Pence viewers are generally selected on account of their presumed fitness for the place, by reason of their familiar acquaintance with the subject of their examinations, and they constitute a domestic tribunal of great utility in preserving the peace and harmony of neighborhoods ; a tribunal always at hand, readily accessible, economical in its action, and prompt in its conclusions ; while its awards, being conclusive only as to the insufficiency of the fence when first examined, and the sufficiency and value of the repairs actually made, involve but little property, determine no question of title, and fix no future liability. Its proceedings being regulated by the express provisions of our statute, the validity of such proceedings *must be tested by those provisions, rather than [ *605 ] by the rules of the common law- regarding proceedings in courts of justice, or by the determinations of courts in states whose statutes are unlike our own.
It seems to have been the intention of our legislature, while it provided the remedy, to point out the mode in which that remedy should be obtained; and from the fact that one notification is in express terms required, and only one, we are authorized to infer that no other was contemplated, or intended to be required. “ Expressio ■unius, exclusio alterius.” By the notice expressly provided for, the defendant is apprized of the due commencement of the proceedings, and the law informs him *494 how those proceedings are to be followed up, and of his own rights and liabilities under them. He may make the requisite repairs himself, and so arrest the proceedings of his adversary altogether, and he may by inquiry obtain an opportunity to be present at the final examination and appraisal.
It is not to be supposed that fence viewers will proceed clandestinely, or deny to the defendant, on inquiry, such reasonable information as will enable him to be present at their examinations. All their proceedings should be characterized by publicity, as well as by perfect fairness and impartiality, but we think the notice claimed by the defendant, was not required by law.
A new trial therefore must be advised.
In this opinion the other judges concurred.
New trial advised.